UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE E. PRITCHETT,<br><br>        Plaintiff<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant | CIVIL ACTION<br><br>No. 05-3066 |

## ORDER

**AND NOW**, this 25 day of September, 2008, after review of the Report and Recommendation of United States Magistrate Judge David R. Strawbridge, for the reasons provided in the accompanying memorandum, it is hereby **ORDERED** that:

1. The Report and Recommendation is **APPROVED** and **ADOPTED** as supplemented by the accompanying Memorandum;

2. Defendant's Objections to the Report and Recommendation are **OVERRULED**.

                                            /s/ Louis H. Pollak
                                            Pollak, J.

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE E. PRITCHETT,<br><br>        Plaintiff<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>        Defendant | CIVIL ACTION<br><br>No. 05-3066 |

**JUDGMENT**

**AND NOW**, this 25 day of September, 2008, in accordance with *Kadleski v. Sullivan*, 30 F.3d 399 (3d Cir. 1994), and Rule 58 of the Federal Rules of Civil Procedure, it is hereby **ORDERED** that **JUDGMENT** is entered **AFFIRMING** the final decision of the Commissioner of Social Security, consistent with United States Magistrate Judge David R. Strawbridge's Report and Recommendation, as supplemented by my Memorandum and Order of today approving and adopting the Report and Recommendation.

                                                    /s/ Louis H. Pollak
                                                    Pollak, J.

_____

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| BRUCE E. PRITCHETT,<br><br>              Plaintiff<br><br>     v.<br><br>MICHAEL J. ASTRUE, Commissioner of Social Security,<br><br>              Defendant | CIVIL ACTION<br><br>No. 05-3066 |

**MEMORANDUM**

September 25 2008,

On April 9, 2008, United States Magistrate Judge David R. Strawbridge filed a Report and Recommendation ("R&R," Doc. No. 22), affirming the decision of the Administrative Law Judge ("ALJ") in this social security appeal. On April 29, 2008, petitioner Bruce E. Pritchett filed objections to the R&R (Doc. No. 23). The Commissioner did not respond to those objections. Upon consideration of the record of the proceedings before the ALJ, the R&R, and claimant's objections to the R&R, and pursuant to 42 U.S.C. § 405(g), this court approves and adopts Magistrate Judge Strawbridge's Report and Recommendation upholding the ALJ's decision.

The relevant facts in this case are set out in Magistrate Judge Strawbridge's R&R.

The crux of plaintiff's objections is that the ALJ gave insufficient weight to statements made by plaintiff's treating physician, Dr. Greene. Plaintiff urges that "Social Security Regulations demand that the opinion of a treating physician," in this case Dr. Greene, "is entitled to greater weight" than those of the non-treating physicians. Pl. Obj. at 4, 6-7.

As a general matter, plaintiff is correct that federal regulations, as interpreted by the Third Circuit, do favor the opinions of treating physicians. In this Circuit, "the medical judgment of a treating physician can be rejected only on the basis of contradictory medical evidence." *Frankenfield v. Bowen,* 861 F.2d 405, 408 (3d Cir. 1988).

However, when there is "conflicting and internally contradictory evidence," the opinion of a treating physician is not necessarily controlling. *Jones v. Sullivan,* 954 F.2d 125, 129 (3d Cir. 1991). The ALJ, in refusing to credit the testimony of a treating physician, must base his decision to do so on "objective medical evidence" and not "solely on his own 'amorphous impressions, gleaned from the record and from his evaluation of [the claimant's] credibility.'" *Morales v. Apfel,* 225 F.2d 310, 318 (3d Cir. 2000) (citations omitted). Magistrate Judge Strawbridge's R&R demonstrates that the ALJ in this matter did base his decision to accord less weight to parts of Dr. Greene's opinions on conflicting and contradictory evidence, including medical reports by other doctors as well as by Dr. Greene himself.

One issue, however, requires additional commentary from this court. Plaintiff urges that, at the very least, the ALJ should have recontacted plaintiff's treating physician

for clarification regarding the deterioration of plaintiff's health.  20 C.F.R. § 416.912(e)(1) states, in pertinent part:

> we will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

At first blush, therefore, plaintiff's case would seem to require the ALJ to have recontacted Dr. Greene to resolve any ambiguities regarding the progress of plaintiff's condition.

Plaintiff is correct that Magistrate Judge Strawbridge, writing on April 9, 2008, cites no binding circuit authority regarding the governing standard on this issue.  Instead, the Magistrate Judge points to a number of district court decisions applying the standard announced by the Ninth Circuit in *Thomas v. Barnhart*, 278 F.3d 947, 958 (9th Cir. 2002) ("[T]he requirement for additional information is triggered only when the evidence from the treating medical source is inadequate to make a determination as to the claimant's disability.").

However, the Third Circuit, on April 22, 2008, cited with approval from *Thomas* in a case holding that an ALJ did not need to recontact a treating physician to resolve ambiguities regarding that doctor's comments.  Although our Circuit's citation to *Thomas* was not strictly a holding, it does suggest that the Third Circuit was applying the *Thomas* standard.[1]  *Johnson v. Commissioner of Social Security*, 529 F.3d 198, 205 (3d Cir. 2008).

---

[1] After analyzing this issue, *Johnson* directed the reader to *see* the standard announced in *Thomas*.

In *Johnson*, the court noted the "important prerequisite" that "the language in Section 416.912(e)(1) is preceded by the following qualification: recontact will proceed if 'the evidence we receive from your treating physician or psychologist or other medical source is inadequate for us to determine whether you are disabled.'" *Id.* (quoting 20 C.F.R. § 416.912(e)).  Accordingly, because the ALJ was able to determine that Mr. Pritchett is not disabled using the evidence on record, including the opinions of Dr. Greene, he was not required to recontact Dr. Greene.

    For the above-stated reasons, the court affirms and adopts the Report and Recommendation of Magistrate Judge Strawbridge.  An appropriate order and judgment follow.

                                            /s/ Louis H. Pollak
                                            Pollak, J.